37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Daren HUGHES, a/k/a Ellis Rasheed Williams, Defendant-Appellant.
 No. 93-5310.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: Oct. 19, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-209-G)
 Danny T. Ferguson, Winston-Salem, Nc, for Appellant. Benjamin H. White, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for Appellee.
 m.d.n.c.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and NIEMEYER,
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted John Daren Hughes of conspiracy to possess with intent to distribute crack cocaine and to distribute crack cocaine, (Count 1), and of attempting to possess with intent to distribute 106.4 grams of crack cocaine, (Count 3), in violation of 21 U.S.C.A. Secs. 841(a)(1), 841(b)(1)(A), 846 (West 1981 & Supp.1994).[1] (J.A. Vol. I at 8-15). At sentencing, the district court adopted a total offense level of 38 and a criminal history category of IV, resulting in a guideline range of 324-405 months imprisonment. The court sentenced Hughes to 370 months imprisonment, ordered ten years of supervised release, and imposed a $100 special assessment. Hughes filed a timely appeal.
 
 
 2
 On appeal,[2] Hughes argues that (i) the district court erred by denying his motion for judgment of acquittal because the evidence at trial fatally varied from the conspiracy count in the indictment and because the Government presented insufficient evidence to establish attempt; (ii) the district court erred in determining his base offense level, specifically his role in the offense and the amount of drugs attributable to him; (iii) the district court erred when it did not allow certain witnesses to appear on his behalf at sentencing; (iv) his trial counsel rendered ineffective assistance of counsel; and (v) Exhibits A through J to Hughes' supplemental brief demonstrate error. Finding no error, we affirm.
 
 I.
 
 3
 Hughes argues that the district court erred by denying his motion for judgment of acquittal under Fed.R.Crim.P. 29, because the evidence at trial fatally varied from the conspiracy count in the indictment and because the Government presented insufficient evidence to establish attempt. We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed.R.Crim.P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 A. Conspiracy
 
 4
 Hughes submits that a fatal variance in proof exists between the single conspiracy charged in the indictment and the evidence presented at trial that he believes established multiple conspiracies. The Government bears the burden of proving a single conspiracy charged in an indictment. United States v. Hines, 717 F.2d 1481, 1489 (4th Cir.1983), cert. denied, 467 U.S. 1214 (1984), and cert. denied, 467 U.S. 1219 (1984). Whether the evidence shows a single conspiracy or multiple conspiracies, however, is a question of fact and is properly the province of the jury. United States v. Urbanik, 801 F.2d 692, 695 (4th Cir.1986). "A single conspiracy exists where there is 'one overall agreement,' ... or 'one general business venture.' " United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988) (citations omitted).
 
 
 5
 Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals. Id.
 
 
 6
 Hughes does not contest that he was involved in a conspiracy; rather, he argues that the evidence established multiple conspiracies instead of the single conspiracy charged in the indictment. The record, however, discloses evidence sufficient for a reasonable jury to find Hughes guilty of participating in a single conspiracy.
 
 
 7
 Hughes brought cocaine from New York to North Carolina for Roosevelt Broadus, the conspiracy leader, on several occasions with the same men, including Gary Grannum, Neville Brooks, and Patrick Paret. When they arrived in Greensboro, the group went to an area known for its illegal drug activities, "The Hill," to sell crack cocaine. Hughes supervised crack cocaine sales on "The Hill" for Broadus and collected money from the sellers to give to Broadus to purchase more drugs. Hughes received crack cocaine sale proceeds from Grannum and gave it to Broadus to purchase more drugs.
 
 
 8
 Paret came to North Carolina with Broadus, Hughes, and Grannum with sixty to eighty grams of crack cocaine. At Broadus' request, Hughes and Grannum delivered a package of crack cocaine to Gerald Green. Brooks, Broadus, Gaines, Sidberry, and Paret distributed drugs from a house rented by Patrick McCall. Broadus instructed Brooks and Grannum to use Dexter Hinton to sell drugs for the group. Hughes followed Hinton, at Broadus' request, to handle the money and to ensure that Hinton worked only for Broadus. Although Brooks and Grannum temporarily left Broadus' operation, they were involved at one time with Hughes and Broadus.
 
 
 9
 The record discloses, therefore, that a reasonable jury could find that Hughes participated in a single conspiracy. Therefore, the district court did not err in denying Hughes motion for judgment of acquittal.
 
 B. Attempt
 
 10
 Hughes argues that the Government presented insufficient evidence to establish he attempted to possess with intent to distribute crack cocaine. A conviction for attempt requires culpable intent[3] and a substantial step toward the commission of the crime strongly corroborative of that intent. United States v. Sutton, 961 F.2d 476, 478 (4th Cir.), cert. denied, 61 U.S.L.W. 3260 (U.S.1992). A substantial step is " 'more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.' " Id. (quoting United States v. Delvecchio, 816 F.2d 859, 861 (2d Cir.1987)).
 
 
 11
 The evidence fully supports the jury's conclusion that Hughes' conduct comprised the necessary "substantial step." Hughes told Annette Ware to sign for a drug package he sent, hide it from her parents, and give it to Grannum when he arrived. Hughes instructed Grannum to fly to Greensboro to intercept the package for him at Ware's house. Airborne Express delivered the package, and Ware signed for it. Hughes then told Ware to remove the labels, hide the envelopes containing the crack cocaine, and throw away the box.
 
 
 12
 An Airborne Express official suspected, however, that the package contained drugs and conveyed the suspicion to the Greensboro police who obtained a search warrant. When the police executed the search warrant, Ware showed them where she hid the package containing 106.4 grams of crack cocaine. Therefore, had the police not seized the package, the only step remaining was for Hughes to further instruct Grannum after Grannum picked up the package from Ware. This would have constituted the final act necessary for the commission of the substantive offense of possession with intent to distribute crack cocaine. Therefore, the district court did not err in denying Hughes' Rule 29 motion.
 
 II.
 
 13
 Hughes argues that he should be held accountable for only the 106.4 grams of crack cocaine he sent to Annette Ware, which would have given him a base offense level of 32.[4] An appellate court accords substantial deference to a district court's factual findings underlying the sentence imposed. Brooks, 957 F.2d at 1148. We review the district court's finding as to the quantity of drugs attributable to Hughes for clear error. 18 U.S.C.A. Sec. 3742(e) (West 1985 & Supp.1994); see United States v. Williams, 986 F.2d 86, 90 (4th Cir.), cert. denied, 61 U.S.L.W. 3852 (U.S.1993).
 
 
 14
 The appropriate offense level in a cocaine conspiracy is to be determined based on all of the defendant's acts and all foreseeable acts of others in furtherance of the conspiracy. United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a)(1) (Nov.1992). "Accordingly, in order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir.1993).
 
 
 15
 The Government bears the burden of proving the amount of drugs reasonably foreseeable to the defendant by a preponderance of the evidence. The Government may meet this burden by the defendant's acknowledgment that the amount alleged by the Government is correct or by presenting sufficient evidence to establish the quantity of drugs attributable to the defendant. Id. at 1013.
 
 
 16
 The district court found that the scope of Hughes' agreement to receive drugs from New York and sell them in Greensboro was limited to a few people. The presentence report held Hughes accountable for 1853.4 grams of crack cocaine, for a base offense level of 38 pursuant to U.S.S.G. Sec. 2D1.1(a)(3).[5] We find that the district court's findings as to the amount of drugs are not clearly erroneous.[6]
 
 III.
 
 17
 Hughes claims that the district court erred in not allowing a witness testify at his sentencing hearing. At sentencing, Hughes stated that the witness had valuable information--that she told authorities there were multiple conspiracies and Hughes was not involved. The district court denied Hughes' motion and found that "[the witness's] testimony is not pertinent to issues before the Court." (Id. at 427). Because the testimony would relate to Hughes' guilt or innocence already determined by a jury, the district court did not abuse its discretion. See generally United States v. Jackson, 757 F.2d 1486, 1492 (4th Cir.), cert. denied, 474 U.S. 994 (1985).
 
 IV.
 
 18
 Hughes claims that his trial counsel rendered ineffective assistance of counsel.[7] A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970)); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). This is not such a case. Therefore, we decline to review Hughes' ineffective assistance claim at this time.
 
 V.
 
 19
 Hughes argues that Exhibits A through J of his supplemental brief demonstrate error. Because Hughes presents no argument about these exhibits in his amended brief, we decline to review the alleged error. See Rosenberger v. Rector & Visitors of Univ. of Va., 18 F.3d 269, 276 (4th Cir.1994) (finding that failure to present arguments in briefs constitutes waiver of appellate review) (citing Shopco Distrib. Co. v. Commanding Gen., 885 F.2d 167, 170 n. 3 (4th Cir.1993)).
 
 VI.
 
 20
 Accordingly, we affirm Hughes' conviction. We also grant Hughes' motion to file a supplemental brief but deny his motion to stay proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 The superseding indictment under which Hughes was charged also charged James Sidberry, Roosevelt Broadus, Willie Pearson, Patrick P. Paret, Catherine Ann Hicks, Williams Robertson, Dexter Emmanuel Hinton, Robert Andrew Gaines, Patrick Ray McCall, Jr., and Robert Michael Donovan with similar charges
 
 
 [2]
 Hughes filed a Motion for Leave to File a Supplemental Brief in this Court. Although we grant Hughes' motion, we note our dissatisfaction with the confusing way appellate counsel presented the arguments in the supplemental brief. Moreover, we remind appellate counsel of his obligation to use his discretion and professional judgment in deciding which claims should be raised on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983) (holding that defense counsel assigned to prosecute appeal from criminal conviction does not have constitutional duty to raise every nonfrivolous issue requested by defendant)
 
 
 [3]
 Hughes does not claim that the evidence did not satisfy the culpable intent element
 
 
 [4]
 See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(6) (Nov.1992). At the sentencing hearing, however, Hughes acknowledged that he could be held accountable for 466 grams which would result in a base offense level of 34. See U.S.S.G. Sec. 2D1.1(c)(5)
 
 
 [5]
 The presentence report excluded any drugs handled by Grannum, Sidberry, or Gaines during the time they were not associated with Broadus
 
 
 [6]
 Hughes also contends that the district court erred in finding his role in the offense. The presentence report included a two-level enhancement for a managerial role in the conspiracy. However, at the sentencing hearing, the district court concluded that Hughes' participation in the conspiracy did not amount to a managerial role and found that the enhancement was not warranted. Therefore, this claim lacks merit
 
 
 [7]
 Hughes filed in the district court a pro se motion under 28 U.S.C. Sec. 2255 (1988), and appellate counsel included those claims on appeal