9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick Edwin RECTOR, Defendant-Appellant.
 No. 93-5236.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1993.
Decided: November 19, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.
 Michael G. Howell, Assistant Federal Public Defender, for Appellant.
 James R. Dedrick, United States Attorney, John Howarth Bennett, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Derrick Edwin Rector was convicted by a jury of attempting to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1993). He appeals his conviction, alleging that the evidence was insufficient. He also appeals his sentence of 151 months on the grounds that the court incorrectly determined the amount of crack attributable to him, and failed to recognize its authority to depart. We affirm.
 
 
 2
 Rector was convicted of attempting to pick up an Express Mail package containing 443 grams of crack which had been mailed from New York to an unoccupied house in Wilmington, North Carolina. The mail carrier for the area testified that on Saturday, June 6, 1992, Rector twice inquired about a package which he expected to be delivered at the empty house. On Sunday, a different carrier tried to deliver an Express Mail package addressed to Clarence Jones at the empty house. On Monday, Rector again approached the regular carrier on his route.
 
 
 3
 Meanwhile, a search warrant had been obtained for the package after a drug detection dog alerted to it, and the crack was discovered. When Rector approached the mail carrier on Monday, the carrier was wearing a hidden microphone, and postal inspectors and other law enforcement agents were conducting surveillance from the mail truck and nearby. This time Rector presented an attempted delivery slip, and said he was moving into the empty house. He told the carrier that the package contained his "identification and money and stuff." Just before receiving the package, Rector said he did not need it right away, and that he would have Clarence pick it up at the post office. Rector then walked off and was arrested a few moments later.
 
 
 4
 Rector testified that on Monday, June 8, 1992, a customer at the restaurant where he worked, whom he knew as "C-Man," had offered him $200 to pick up a package. He said he did not know what was in the package, but decided at the last minute that it must contain something bad, which caused him to change his mind just before he received it.
 
 
 5
 To support a conviction for attempt, the evidence must show culpable intent and a substantial step toward completion of the crime as corroboration of the criminal intent. United States v. Sutton, 961 F.2d 476, 478 (4th Cir.), cert. denied, 61 U.S.L.W. 3260 (U.S. 1992). A substantial step is more than mere preparation, but may be less than the last act necessary before commission of the substantive crime. Id. (citing United States v. Delvecchio, 816 F.2d 859 (2d Cir. 1987)).
 
 
 6
 Rector clearly took a substantial step toward possessing the package. He argues principally that there was no evidence of culpable intent because there was no evidence that he knew what was in the package. However, taking the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), a rational trier of fact could find Rector's account not credible, and infer that he knew the package he was actively seeking contained a large amount of crack.
 
 
 7
 At the sentencing hearing, defense counsel argued that Rector's relevant conduct under guideline section 2D1.1* should include only a small amount of the crack in the package, because the small amount of money he had been paid to pick up the package would have led him reasonably to believe it contained a small amount of drugs. However, the district court did not find credible Rector's testimony that he innocently agreed to receive C-Man's package without knowing its contents.
 
 
 8
 Under guideline section 1B1.3(a)(1)(A), a defendant is accountable for all acts he directly aids or abets without regard to reasonable foreseeability. U.S.S.G. § 1B1.3, comment. (n.2(a)). Rector's sentence was thus correctly computed using the entire 443 grams of crack, and there was no need for a finding of what he may have believed was in the package.
 
 
 9
 Finally, Rector asserts that the district court mistakenly believed it lacked the authority to depart because of his role as a mere drug courier and because of his poverty. Socio-economic status is not a ground for departure. United States v. Graham, 946 F.2d 19, 21(4th Cir.
 
 
 10
 1991); U.S.S.G. § 5H1.10, p.s. Moreover, the district court rejected Rector's story that he was a mere courier. Its authority to depart on this ground was not an issue.
 
 
 11
 The judgment of the district court is therefore affirmed. However, we direct the district court to correct the judgment and commitment order to reflect Rector's conviction for attempt to possess cocaine base (crack) with intent to distribute, rather than conspiracy to possess with intent to distribute. The error may be corrected under Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)