Pascual v. Holder

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Submitted: February 5, 2013    Decided: February 19, 2013)

Docket No. 12-2798

- - - - - - - - - - - - - - - - - - - - -x

Manuel Pascual, AKA Scarface Gomez,

Petitioner,

- v.-

Eric H. Holder, Jr., United States Attorney General,

Respondent.

- - - - - - - - - - - - - - - - - - - - -x

Before:         JACOBS, Chief Judge, KEARSE and CARNEY,
                Circuit Judges.

Petitioner, a citizen of the Dominican Republic, seeks review of a Board of Immigration Appeals order, affirming an immigration judge's finding that Manuel Pascual had been convicted of an aggravated felony, and was therefore ineligible for cancellation of removal from the United States. For the following reasons, we conclude that Pascual's New York state conviction under NYPL § 220.39(1) constitutes an aggravated felony, which deprives this Court of jurisdiction to review the order of removal.

THOMAS EDWARD MOSELEY,
Law Offices of Thomas E. Moseley
Newark, New Jersey, <u>for
Petitioner</u>.

BENJAMIN MARK MOSS,
United States Department of
Justice, Office of Immigration
Litigation, <u>for</u> <u>Respondent</u>.

PER CURIAM:

Manuel Pascual, a citizen of the Dominican Republic, petitions for review of a Board of Immigration Appeals ("BIA") decision to affirm an immigration judge's ("IJ") finding that Pascual had been convicted of an aggravated felony, and was therefore ineligible for cancellation of removal. Pascual also seeks review of the BIA's denial of a continuance to seek post-conviction relief and moves for a stay of removal pending appeal, leave to proceed <u>in forma pauperis</u> and appointment of counsel. The Government moves to dismiss Pascual's petition for review on the ground that the BIA's determination that Pascual had been convicted of an aggravated felony deprives this Court of jurisdiction to review the agency's order of removal. We grant the Government's motion and dismiss Pascual's petition because the BIA correctly determined that Pascual had been convicted of an aggravated felony. We also deny Pascual's additional motions as moot.

**BACKGROUND**

Pascual was admitted to the United States as a legal permanent resident in 1993. In 2003, Pascual was served with a Notice to Appear charging him with removability under the Immigration & Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), by reason of a 2000 Connecticut state conviction for cocaine possession. Then in December of 2011, he was served with an additional charging document seeking his removal pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), by reason of an aggravated felony, citing a 2008 New York state conviction for third-degree criminal sale of a controlled substance, cocaine, in violation of New York Penal Law ("NYPL") § 220.39(1). In January of 2012, Pascual appeared by counsel before an IJ and conceded removability based on the possession crime, but challenged removability based on an aggravated felony conviction. In an oral decision, the IJ ordered Pascual removed to the Dominican Republic, finding that the Government established removability based on Pascual's Connecticut and New York convictions. The IJ also found that the New York conviction was an aggravated felony and as such, Pascual was statutorily ineligible for cancellation of

3

removal. Pascual appealed this decision to the BIA, which affirmed. Pascual now seeks review in this Court.

**DISCUSSION**

Although this Court lacks jurisdiction to review final orders of removal against aliens convicted of an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to review constitutional claims or questions of law, including whether a specific conviction constitutes an aggravated felony. See 8 U.S.C. § 1252(a)(2)(D); Pierre v. Holder, 588 F.3d 767, 772 (2d Cir. 2009). We review interpretations of law and the application of law to fact de novo. See Alsol v. Mukasey, 548 F.3d 207, 210 (2d Cir. 2008). A determination that Pascual's conviction under NYPL § 220.39 constitutes an aggravated felony, however, results in the mandatory dismissal of Pascual's appeal. See Higgins v. Holder, 677 F.3d 97, 100 (2d Cir. 2012).

This Court has not previously decided whether a conviction under NYPL § 220.39, a Class B felony, constitutes an aggravated felony conviction. See Montesquieu v. Holder, 350 F. App'x 569, 571 (2d Cir. 2009). Some district courts in this Circuit have ruled that it is.

See Del Orbe v. Holder, 12 CIV. 1057 PAE, 2012 WL 3826182, at *3-4 (S.D.N.Y. Aug. 27, 2012); United States v. Minotta-Caravalle, 5:10-CR-14-01, 2010 WL 4975643, at *5 (D. Vt. Nov. 30, 2010). We agree. Unpublished opinions in other circuits are in accord. See, e.g., Medina Lopez v. Attorney Gen. of U.S., 425 F. App'x 146, 149 (3d Cir. 2011); Griffith v. Attorney Gen. of U.S., 400 F. App'x 632, 635 (3d Cir. 2010); Clarke v. Holder, 386 F. App'x 501, 503 (5th Cir. 2010).

An "aggravated felony" is defined to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). The Supreme Court has held that such a state offense "constitutes a 'felony punishable under the Controlled Substances Act ["CSA" 21 U.S.C. § 801, et seq.]' only if it proscribes conduct punishable as a felony under that federal law." Lopez v. Gonzales, 549 U.S. 47, 60 (2006). For a state drug offense to rank as an aggravated felony, "it must correspond to an offense that carries a maximum term of imprisonment exceeding one year under the

CSA." Martinez v. Mukasey, 551 F.3d 113, 117–18 (2d Cir. 2008).

In deciding whether a state conviction corresponds to an "aggravated felony," we employ a "categorical approach" under which "'the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.'" Gertsenshteyn v. U.S. Dep't of Justice, 544 F.3d 137, 143 (2d Cir. 2008) (quoting Dalton v. Ashcroft, 257 F.3d 200, 204 (2d Cir. 2001)). The question, then, is whether the elements of NYPL § 220.39 would be punishable as a felony under federal criminal law. See Lopez, 549 U.S. at 57. The federal statute analogous to NYPL § 220.39 is 21 U.S.C. § 841(a)(1), which prohibits, inter alia, the distribution of, or possession with intent to distribute a controlled substance, an offense punishable by a term of imprisonment greater than one year.

Pascual relies on an unpublished Fifth Circuit decision to argue that a conviction under of NYPL § 220.39 is not categorically an aggravated felony because statutes that punish "offers to sell," see NYPL § 220.00(1), are not drug

6

trafficking crimes under the CSA.  <u>Davila v. Holder</u>, 381 F. App'x 413, 416 (5th Cir. 2010).  This Court, however, has held that "distribution," within the meaning of 21 U.S.C. § 841(a)(1) does not require a "sale" to take place: "The word 'distribute' means 'to deliver,' [21 U.S.C.] § 802(11); and 'deliver' means 'the actual, constructive, or *attempted* transfer of a controlled substance,' [21 U.S.C.] § 802(8)." <u>United States v. Wallace</u>, 532 F.3d 126, 129 (2d Cir. 2008) (emphasis added).  Therefore, even if Pascual did no more than offer or attempt to sell cocaine, the state offense would be conduct punishable as a federal felony, thus rendering it an aggravated felony.

As a result of the BIA's correct finding that Pascual was convicted of an aggravated felony, this Court lacks jurisdiction over his petition for review, and we must grant the Government's motion to dismiss.  Accordingly, we do not consider Pascual's additional claims, including the IJ's denial of a continuance.  <u>Cf</u>. <u>Blake v. Gonzales</u>, 481 F.3d 152, 162-63 (2d Cir. 2007) (declining to address challenges to IJ's denial of a continuance after concluding that the Court lacked jurisdiction over petitioner's petition for review due to the BIA's aggravated felony finding).

7

For the foregoing reasons, the petition for review is dismissed for lack of jurisdiction.