Pascual v. Holder

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Submitted: February 5, 2013      Decided: July 9, 2013)

Docket No. 12-2798

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Manuel Pascual, AKA Scarface Gomez,

Petitioner,

- v.-

Eric H. Holder, Jr., United States Attorney General,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Before:      JACOBS, Chief Judge, KEARSE and CARNEY,
             Circuit Judges.

Manuel Pascual, a citizen of the Dominican Republic, seeks rehearing of our denial of his petition for review of a Board of Immigration Appeals order, affirming an immigration judge's finding that Pascual was ineligible for cancellation of removal from the United States by reason of his conviction for an aggravated felony. We held that a conviction under N.Y.P.L. § 220.39(1) constitutes, categorically, an aggravated felony conviction under the

Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B), and dismissed the petition accordingly.  We grant the petition for panel rehearing and adhere to our conclusion.

BENJAMIN M. MOSS, United States Department of Justice Office of Immigration, Washington, DC, <u>for Respondent</u>.

THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, New Jersey, <u>for</u> <u>Petitioner</u>.

David Debold (William Han, <u>on the brief</u>), Gibson, Dunn & Crutcher LLP, Washington, D.C., Manuel D. Vargas (Isaac Wheeler, <u>on the brief</u>), Immigrant Defense Project, New York, New York, <u>for amici curiae Immigrant Defense Project, The Bronx Defenders, The Brooklyn Defender Services, The Legal Aid Society, Neighborhood Defender Service Harlem, New York County Defender Services, and Queens Law Associates in support of Petitioner</u>.

PER CURIAM:

Manuel Pascual, a citizen of the Dominican Republic, seeks rehearing of our denial of his petition for review of a Board of Immigration Appeals (the "Board") decision affirming an immigration judge's ("IJ") ruling that Pascual

had been convicted of an aggravated felony, and was therefore ineligible for cancellation of removal.  On February 19, 2013, we held that a conviction under New York Penal Law ("NYPL") § 220.39(1) constitutes, categorically, an aggravated felony conviction under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B), and we dismissed the petition accordingly.  See Pascual v. Holder, 707 F.3d 403 (2d Cir. 2013).  Pascual filed this timely petition for rehearing, supported by several amici curiae.  The petition for panel rehearing is granted to consider the issues raised by Pascual and amici.  We nevertheless adhere to our affirmance of the Board's decision, and our dismissal of Pascual's petition for relief from removal.

**I**

We recount only the context that bears upon Pascual's petition for rehearing.  Fuller background is set out in the prior opinion: Pascual, 707 F.3d at 404.

Pascual's removability depends on whether his 2008 state court conviction--for third-degree criminal sale of a controlled substance (cocaine) in violation of NYPL § 220.39(1)--constitutes an aggravated felony under the INA.

3

An "aggravated felony" is defined to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A state offense is punishable as a felony under the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, et seq., only if it "proscribes conduct punishable as a felony under that federal law." Lopez v. Gonzales, 549 U.S. 47, 60 (2006). A state drug offense ranks as an aggravated felony only if it "correspond[s] to an offense that carries a maximum term of imprisonment exceeding one year under the CSA." Martinez v. Mukasey, 551 F.3d 113, 117–18 (2d Cir. 2008). See Pascual, 707 F.3d at 405.

The IJ concluded that the New York conviction was an aggravated felony, the Board affirmed, and we agreed. The petition was therefore dismissed. See Pascual, 707 F.3d at 405. Pascual argued that a conviction under NYPL § 220.39 is not categorically an aggravated felony because it would encompass a mere "'offer[] to sell,'" and that such an offer would not violate the federal analog. Id. We ruled that the analogous federal statute, 21 U.S.C. § 841(a)(1), punishes the "'actual, constructive, or *attempted* transfer

4

of a controlled substance,'" and that therefore, "even if Pascual did no more than offer or attempt to sell cocaine, the state offense would be conduct punishable as . . . an aggravated felony."  Id.

**II**

The petition for rehearing argues that our holding conflicts with prior Second Circuit case law--in particular, United States v. Savage, 542 F.3d 959 (2d Cir. 2008). Savage appealed his sentence (for possession of ammunition by a convicted felon) on the ground that one of his prior felony convictions was erroneously counted as a "controlled substance offense" under U.S. Sentencing Guidelines (the "Guidelines") § 4B1.2(b).  Agreeing, we vacated and remanded for re-sentencing.  Id. at 967.  Savage held that a prior Connecticut state court conviction for drug trafficking did not categorically qualify as a controlled substance offense under the Guidelines because the Connecticut statute criminalizes some conduct that falls outside the Guidelines' definition; in particular, the Connecticut "statute plainly criminalizes . . . a mere offer to sell a controlled substance[,]" including fraudulent offers, "such as when one

5

offers to sell the Brooklyn Bridge." Id. at 965. Since a fraudulent offer to sell drugs lacks the intent to commit a substantive narcotics offense, it does not amount to a predicate controlled substance offense under the Guidelines. Id. at 965-66.

Pascual and amici argue that the Guidelines definition of a controlled substance offense is indistinguishable from the definition of "illicit trafficking in a controlled substance" under the INA. They reason by extension that, because NYPL § 220.39 also criminalizes offers to sell narcotics, a violation of that law is not categorically within the scope of drug trafficking offenses under the INA.

This argument rests on a false premise. Unlike the Connecticut statute, NYPL § 220.39 does not criminalize "mere offers" (or fraudulent offers) to sell narcotics. Under New York law, the offer must be "bona fide," and a bona fide offer is one that is made with the intent and ability to follow through on the transaction. See People v. Samuels, 99 N.Y.2d 20, 24, 780 N.E.2d 513 (2002); People v. Mike, 92 N.Y.2d 996, 998, 706 N.E.2d 1189 (1998). A violation of NYPL § 220.39 is therefore categorically conduct within the INA definition of drug trafficking.

6

Pascual and amici also argue on rehearing that a conviction under NYPL § 220.39 does not necessarily reflect the "substantial step" in selling drugs that is an element of the analogous federal offense, see United States v. Delvecchio, 816 F.2d 859, 861-62 (2d Cir. 1987).

As our earlier opinion stated, federal law proscribes an *attempted* transfer of a controlled substance.  See Pascual, 707 F.3d at 405 (citing 21 U.S.C. § 841(a)(1)).  A defendant is guilty of attempted distribution if he (1) had the intent to commit the crime, and (2) "engaged in conduct amounting to a 'substantial step' towards the commission of the crime."  United States v. Martinez, 775 F.2d 31, 35 (2d Cir. 1985).  "[A] substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime."  Id. (citations and quotation marks omitted).  Pascual relies on Delvecchio, which instructs that an attempt entails some "overt act" to carry out the offense, 816 F.2d at 862.  Without doubt, an offer to sell drugs--made with the intent and ability to carry out the transaction--is both a "substantial step" and an "overt act"

7

in the attempted sale of a controlled substance.  See United States v. Evans, 699 F.3d 858, 868 (6th Cir. 2012) ("An offer to sell a controlled substance is an act perpetrated in furtherance of a sale, typically as part of the negotiation for the price and quantity, and it is therefore a substantial step in attempting to consummate a sale."). Pascual's argument is therefore meritless.

**IV**

Amici advance several reasons why we should abandon a categorical approach to convictions under NYPL § 220.39:

• Thousands of aliens like Pascual will lose the opportunity to seek discretionary relief from removal.  But this impact is negligible because non-citizens who sell drugs in the United States (or make bona fide offers to sell drugs) are unlikely to be strong candidates for discretionary relief.

• Fear of conviction for an aggravated felony inhibits aliens from entering guilty pleas, thus burdening the courts.  But this burden is offset (and then some) by the efficiencies inherent in a categorical approach, which avoids "the practical difficulties and potential unfairness

8

of a factual approach," <u>Taylor v. United States</u>, 495 U.S. 575, 601 (1990).

• A prior conviction for an aggravated felony greatly increases the maximum sentence for illegal re-entry and makes it easier for a criminal defendant to achieve the status of recidivist and career criminal. But these consequences are not unintended.

\* \* \*

Finally, Pascual submitted a letter to the Court pursuant to Fed. R. App. P. 28(j) drawing our attention to <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678 (2013), which held that "[s]haring a small amount of marijuana for no remuneration" qualifies as only a misdemeanor under the CSA, and therefore does not amount to an aggravated felony under the INA. <u>Id.</u> at 1693. <u>Moncrieffe</u> does not aid Pascual because NYPL § 220.39 criminalizes offers to sell *narcotics*. <u>See</u> <u>infra</u> pp. 6-7. Accordingly, we adhere to our conclusion that Pascual's petition for relief from removal was properly dismissed.