Andrews v. Holder

BIA
Abrams, IJ
A036 706 672

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges,*
> WILLIAM K. SESSIONS III,*
> > *District Judge.*

_____

CHURCHILL LEONARD SPENCER ANDREWS,
AKA CHURCHILL LENARD ANDREWS,
> *Petitioner,*

> v.                                    11-5449

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

_____

\* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

FOR PETITIONER:          DAVID J. DEBOLD (Jill M. Pfenning, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, D.C.

FOR RESPONDENT:          CLAIRE L. WORKMAN (Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Churchill Leonard Spencer Andrews, a native and citizen of Guyana, seeks review of an October 25, 2011, order of the BIA, denying his motion to reopen his removal proceedings and affirming the May 10, 2011, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Churchill Leonard Spencer Andrews*, No. A036 706 672 (B.I.A. Oct. 25, 2011), *aff'g* No. A036 706 672 (Immig. Ct. N.Y. City May 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Title 8, Section 1252(a)(2)(C) of the United States Code provides that no court shall have jurisdiction to review the final order of removal of an alien who is removable for having been convicted of an aggravated felony or controlled substance offense.  *See also Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006); *Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004). Nevertheless, we retain jurisdiction to review constitutional claims and questions of law, including whether an underlying conviction constitutes an aggravated felony.  *See* 8 U.S.C. § 1252(a)(2)(D); *see also Vargas-Sarmiento*, 448 F.3d at 164.

Following the conclusion of briefing in this case, a panel of this Court held that a conviction for third-degree

3

criminal sale of cocaine under New York Penal Law ("NYPL") § 220.39 is categorically a drug trafficking aggravated felony. *See Pascual v. Holder,* 707 F.3d 403, 405 (2d Cir. 2013). Following oral argument in this case, the panel in *Pascual* reconsidered its decision and adhered to its conclusion that a violation of § 220.39 is categorically a drug trafficking aggravated felony*. See Pascual v. Holder*, __ F.3d __, No. 12-2798 (2d Cir. July 9, 2013) (slip op.). The petitioner in *Pascual* then sought *en banc* review, which was denied. Accordingly, we hold that, under *Pascual*, Andrews's conviction for fifth-degree criminal sale of cocaine, in violation of NYPL § 220.31, is also categorically a drug trafficking aggravated felony and, as such, Andrews cannot raise a colorable constitutional claim or question of law concerning the agency's denial of asylum and reopening, which were predicated on his corresponding statutory ineligibility for asylum and cancellation of removal, respectively. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); 8 U.S.C. § 1229b(a)(3), (b)(1)(C). Although the agency based its denial of asylum and reopening on a finding that Andrews's conviction, though not categorically an aggravated felony, was nevertheless an aggravated felony

4

under the modified categorical approach, we need not remand to the agency for application of *Pascual*. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile where the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks omitted)).

Nor does Andrews's contention that the agency summarily found that he was statutorily ineligible for withholding of removal raise a colorable constitutional claim or question of law. While a challenge to the agency's determination that an alien's conviction constitutes a particularly serious crime normally presents a question of law, *Nethagani v. Mukasey*, 532 F.3d 150, 154-55 (2d Cir. 2008), "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). In denying withholding of removal, the BIA noted that Andrews's drug trafficking aggravated felony conviction was presumptively a particularly serious crime and that Andrews had not attempted to rebut the presumption. *See Matter of Y-L-, A-G- & R-S-R-*, 23 I. & N. Dec. 270, 276 (A.G. 2002) ("Aggravated felonies involving unlawful trafficking in

5

controlled substances presumptively constitute 'particularly serious crimes'" and the burden is on applicant to demonstrate eligibility for withholding of removal.), *overruled on other grounds by Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *accord Miguel–Miguel v. Gonzales*, 500 F.3d 941, 946-49 (9th Cir. 2007). Andrews's challenge to this finding, as cursory and devoid of reasoning, is frivolous and inadequate to invoke jurisdiction because his former counsel conceded before the IJ that his conviction was for a particularly serious crime, Andrews's motion for ineffective assistance filed before the BIA acknowledged that the concession rendered him ineligible for withholding of removal, and Andrews never attempted to rebut the presumption at any stage in the proceedings. *See Barco-Sandoval*, 516 F.3d at 40.

Lastly, assuming that we retain jurisdiction to consider Andrews's challenge to the agency's denial of deferral of removal under the CAT, he has failed to identify reversible error in the agency's decision. Because torture cognizable under the CAT must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1), the agency reasonably

determined that Andrews was not eligible for CAT relief. Andrews did not contest the IJ's findings that his cousin was not acting in his official capacity during their dispute and that Andrews did not reach out to any governmental organization to seek assistance with, or protection from his cousin. *See Khouzam*, 361 F.3d at 171 (holding that cognizable acquiescence requires "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

For the foregoing reasons, the petition for review is DISMISSED IN PART, as it relates to Andrews's challenges to the agency's denial of asylum, withholding of removal, and reopening of his removal proceedings and DENIED IN PART, as it relates to Andrews's challenge to the agency's denial of deferral of removal under the CAT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7