*Lopez v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

GILBERTO ALEXANDER LOPEZ,
> *Petitioner,*

> v.                                                                        No. 21-6227

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                   JOHN H. PENG (Yuriy Pereyaslavskiy, Rohmah Ashraf Javed, *on the brief*), Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:** IMRAN R. ZAIDI (Brian M. Boynton, Jennifer J. Keeney, Melissa K. Lott, *on the brief*), United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the matter is remanded for further proceedings consistent with this order.

Petitioner Gilberto Alexander Lopez, a native and citizen of Colombia, seeks review of a March 25, 2021 decision of the BIA affirming a September 24, 2020 decision of an Immigration Judge ("IJ"), which denied his motion to terminate removal proceedings and sustained the government's two charges of removability. *In re Gilberto Alexander Lopez*, No. A061 304 618 (B.I.A. Mar. 25, 2021), *aff'g* No. A061 304 618 (Immig. Ct. Napanoch, N.Y. Sept. 24, 2020). We assume the parties' familiarity with the underlying facts, arguments, and procedural history, to which we refer only as necessary to explain our decision.

In 2018, Lopez pled guilty to criminal sale of a narcotic drug in the third degree, in violation of New York Penal Law ("N.Y.P.L.") § 220.39(1). Lopez's conviction arose from the sale of cocaine.

Following Lopez's state conviction, the government initiated removal proceedings, alleging that Lopez was removable for having (1) an aggravated felony conviction for illicitly trafficking a controlled substance under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B), and (2) a conviction "relating to a controlled substance" offense under 8 U.S.C. § 1227(a)(2)(B)(i). The government cited Lopez's N.Y.P.L. § 220.39(1) offense to support both charges. In response, Lopez filed a motion to terminate the removal proceedings in which he argued that his state offense was not a qualifying conviction under either statutory ground.

The IJ disagreed, concluding that § 220.39(1) was divisible because the specific drug involved—cocaine—was an element, not simply a means of committing the offense. Applying the modified categorical approach, the IJ concluded that Lopez's conviction for selling cocaine involved and related to a controlled substance, and Lopez was thus removable on both alleged bases for removal.

The BIA dismissed Lopez's appeal. Based on its understanding of our decision in *Pascual v. Holder*, 707 F.3d 403, 404–05 (2d Cir.), *aff'd on reh'g*, 723 F.3d 156 (2d Cir. 2013), the BIA concluded that a conviction under § 220.39(1) is categorically an aggravated felony drug trafficking offense under 8 U.S.C.

3

§§ 1227(a)(2)(A)(iii), 1101(a)(43)(B). Although the BIA concluded that Lopez was "removable as charged," Administrative Record at 4, the BIA did not expressly discuss the IJ's alternative basis for removal: that Lopez had a conviction "relating to a controlled substance" offense under 8 U.S.C. § 1227(a)(2)(B)(i). Nor did it address the government's argument that *even if* a conviction under § 220.39(1) is *not* an aggravated felony ground for removal under § 1227(a)(2)(A)(iii) because of a categorical mismatch between § 220.39(1) and the federal Controlled Substances Act (CSA), it is nevertheless a conviction "related to" a controlled substance offense, and thus an independent basis for removal under § 1227(a)(2)(B)(i).

In their initial briefing before this Court, the parties agreed that the BIA misunderstood our holding in *Pascual*. They acknowledged that *Pascual* answered only whether the "conduct element" of § 220.39 was a categorical match to the conduct prohibited under 21 U.S.C. § 841(a)(1)—specifically, whether a "sale" under § 220.39 fell within the meaning of "distribution" under federal law. *Pascual* did not purport to answer whether a "narcotic drug" under New York's drug schedules was a categorical match with a "controlled substance" under the federal drug schedules, or even whether the categorical approach should apply to this question.

4

After oral argument in December 2022, we delayed our decision and queued Lopez's petition behind other cases raising similar questions. We directed the parties to file supplemental briefing in response to *United States v. Chaires*, 88 F.4th 172 (2d Cir. 2023), the most recent of these cases. The parties agree that under *Chaires*, the categorical approach applies to our assessment of § 220.39(1), and because New York's definition of a "narcotic drug" under § 220.39(1) covered isomers of cocaine not listed in the federal drug schedules, Lopez's conviction was not a categorical match to the CSA and thus did not constitute an aggravated felony for purposes of § 1227(a)(2)(A)(iii).

Lopez and the government part ways, however, with respect to the ultimate disposition of this case. Lopez argues that the categorical mismatch determination is dispositive as to both grounds of removal; his conviction is neither an aggravated felony under § 1227(a)(2)(A)(iii), nor a conviction "relating to" a controlled substance under § 1227(a)(2)(B)(i). In contrast, the government argues that the BIA did not address its secondary argument for removal: that Lopez's § 220.39(1) conviction is a conviction "relating to" a controlled substance under § 1227(a)(2)(B)(i), even if it is not a categorical match for the purposes of the aggravated felony analysis under § 1227(a)(2)(A)(iii). The government thus

5

urges us to remand for further proceedings before the agency on this question.

We adopt the government's proposed approach. Because neither the IJ nor the BIA addressed the government's alternative argument, we will remand so the BIA can decide the question in the first instance.

For the foregoing reasons, we **GRANT** Lopez's petition for review, **VACATE** the order of the BIA, and **REMAND** this matter for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6