*Deere v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JAN MICHAEL ANTONIO DEERE,
> *Petitioner,*

v.                                                                    No. 21-6473

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    JOHN H. PENG (Rohmah Ashraf Javed, Laura A. Rion, *on the brief*) Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:**                    IMRAN R. ZAIDI (Brian M. Boynton, Jennifer J. Keeney, Melissa K. Lott, *on the brief*), United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the matter is remanded for further proceedings consistent with this order.

Petitioner Jan Michael Antonio Deere, a native and citizen of Jamaica, seeks review of a July 23, 2021 decision of the BIA affirming two decisions of an Immigration Judge ("IJ"), which denied two motions to terminate removal proceedings and sustained the government's two charges of removability.   *In re Jan Michael Antonio Deere*, No. A096 545 211 (B.I.A. July 23, 2021), *aff'g* No. A096 545 211 (Immig. Ct. Fishkill, N.Y. Dec. 18, 2020 and Feb. 4, 2021).   We assume the parties' familiarity with the underlying facts, arguments, and procedural history, to which we refer only as necessary to explain our decision.

In 2018, Deere pled guilty to criminal sale of a narcotic drug in the third degree, in violation of New York Penal Law ("N.Y.P.L.") § 220.39(1).   Deere's conviction arose from the sale of cocaine.

Following Deere's state conviction, the government initiated removal proceedings, alleging that Deere was removable for having (1) an aggravated felony conviction for illicitly trafficking a controlled substance under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B), and (2) a conviction "relating to a controlled substance" offense under 8 U.S.C. § 1227(a)(2)(B)(i). The government cited Deere's N.Y.P.L. § 220.39(1) offense to support both charges. In response, Deere filed two motions to terminate the removal proceedings in which he argued that his state offense was not a qualifying conviction under either statutory ground.

The IJ disagreed, concluding in part that under our decision in *Pascual v. Holder*, 707 F.3d 403, 404–05 (2d Cir.), *aff'd on reh'g*, 723 F.3d 156 (2d Cir. 2013), a conviction under § 220.39(1) is an aggravated drug trafficking offense under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B) and an offense relating to a controlled substance under § 1227(a)(2)(B)(i).

The BIA dismissed Deere's appeal. The BIA based its decision on *Pascual* and concluded that a conviction under § 220.39(1) is categorically an aggravated felony drug trafficking offense under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B). Although the BIA concluded that Deere was "removable as charged," Administrative Record at 4, the BIA did not expressly discuss the IJ's alternative

3

basis for removal: that Deere had a conviction "relating to a controlled substance" offense under 8 U.S.C. § 1227(a)(2)(B)(i). Nor did it address the government's argument that *even if* a conviction under § 220.39(1) is *not* an aggravated felony ground for removal under § 1227(a)(2)(A)(iii) because of a categorical mismatch between § 220.39(1) and the federal Controlled Substances Act (CSA), it is nevertheless a conviction "related to" a controlled substance offense, and thus an independent basis for removal under § 1227(a)(2)(B)(i).

In their initial briefing before this Court, the parties agreed that the BIA misunderstood our holding in *Pascual*. They acknowledged that *Pascual* answered only whether the "conduct element" of § 220.39 was a categorical match to the conduct prohibited under 21 U.S.C. § 841(a)(1)—specifically, whether a "sale" under § 220.39 fell within the meaning of "distribution" under federal law. *Pascual* did not purport to answer whether a "narcotic drug" under New York's drug schedules was a categorical match with a "controlled substance" under the federal drug schedules, or even whether the categorical approach should apply to this question.

After oral argument in December 2022, we delayed our decision and queued Deere's petition behind other cases raising similar questions. We directed the

4

parties to file supplemental briefing in response to *United States v. Chaires*, 88 F.4th 172 (2d Cir. 2023), the most recent of these cases. The parties agree that under *Chaires*, the categorical approach applies to our assessment of § 220.39(1), and because New York's definition of a "narcotic drug" under § 220.39(1) covered isomers of cocaine not listed in the federal drug schedules, Deere's conviction was not a categorical match to the CSA and thus did not constitute an aggravated felony for purposes of § 1227(a)(2)(A)(iii).

Deere and the government part ways, however, with respect to the ultimate disposition of this case. Deere argues that the categorical mismatch determination is dispositive as to both grounds of removal; his conviction is neither an aggravated felony under § 1227(a)(2)(A)(iii), nor a conviction "relating to" a controlled substance under § 1227(a)(2)(B)(i). In contrast, the government argues that the BIA did not address its secondary argument for removal: that Deere's § 220.39(1) conviction is a conviction "relating to" a controlled substance under § 1227(a)(2)(B)(i), even if it is not a categorical match for the purposes of the aggravated felony analysis under § 1227(a)(2)(A)(iii). The government thus urges us to remand for further proceedings before the agency on this question.

We adopt the government's proposed approach. Because neither the IJ nor

5

the BIA addressed the government's alternative argument, we will remand so the BIA can decide the question in the first instance.

For the foregoing reasons, we **GRANT** Deere's petition for review, **VACATE** the order of the BIA, and **REMAND** this matter for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court