15-1776-ag
Hidalgo v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*.

----------------------------------------------------------------------

SILVIO HIDALGO, AKA Silvio Cacereshidalgo, AKA Kaki Hidalgo, AKA Sylvio Hialgo, AKA Sylvio Hidigo, AKA Luis Ramon,

*Petitioner*,

v.                                                                     No. 15-1776-ag

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

----------------------------------------------------------------------

APPEARING FOR PETITIONER:     PETER L. MARKOWITZ, Esq. (Andrea Saenz, Esq.; Jaimie Lerner, Danelly Bello, Legal Interns, *on the brief*), Immigration Justice Clinic, Benjamin N. Cardozo School of Law, New York, New York.

APPEARING FOR RESPONDENT:     JANE T. SCHAFFNER, Trial Attorney (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior

1

Litigation Counsel; Rachel L. Browning, Trial Attorney, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Silvio Hidalgo is a native and citizen of the Dominican Republic who was admitted to the United States in 1994 as a lawful permanent resident. He here challenges a decision of the BIA affirming a removal order of an immigration judge ("IJ"), which denied Hidalgo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Hidalgo, No. A044 877 766 (BIA May 13, 2015), aff'g No. 044-877-766 (Immig. Ct. New York Dec. 30, 2014). Under the circumstances of this case, we review both the BIA's and the IJ's decisions. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008). We lack jurisdiction to review the final order of removal of an alien such as Hidalgo who was found removable for having committed an aggravated felony offense, see 8 U.S.C. § 1252(a)(2)(C), unless the petition raises constitutional claims or questions of law, which we review de novo, see id. § 1252(a)(2)(D); Pierre v. Holder, 588 F.3d 767, 772 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny Hidalgo's petition for review of the agency's asylum and withholding rulings and deny in part and dismiss in part the petition for review of the agency's CAT ruling.

2

1.	Aggravated Felony Determination

Hidalgo argues that the agency erred in concluding that his New York State conviction for attempted sale of a controlled substance in the third degree, see N.Y. Penal Law §§ 110.00, 220.00, 220.39, rendered him ineligible for asylum and withholding of removal. On de novo review of this question of law, see James v. Mukasey, 522 F.3d 250, 254 (2d Cir. 2008), we reject Hidalgo's challenge as without merit.

An alien who has been convicted of a particularly serious crime is statutorily ineligible for asylum or withholding of removal. See 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). An aggravated felony is per se particularly serious for purposes of asylum, see id. § 1158(b)(2)(B)(i), and, when the aggravated felony involves drug trafficking, it is presumptively particularly serious for purposes of withholding, see In re Y-L-, 23 I. & N. Dec. 270, 274 (A.G. 2002). This court has already identified substantive violations of N.Y. Penal Law § 220.39 as aggravated felonies. See Pascual v. Holder, 707 F.3d 403, 405 (2d Cir. 2013) ("Pascual I"), aff'd on reh'g, 723 F.3d 156 (2d Cir. 2013) ("Pascual II"). Further, federal immigration law states that an attempt to commit an aggravated felony is itself an aggravated felony. See 8 U.S.C. § 1101(a)(43)(U). This law, the applicability of which Hidalgo does not dispute, supports the conclusion that he has been convicted of an aggravated drug trafficking felony, which renders him ineligible for asylum and withholding of removal.

In urging otherwise, Hidalgo submits that an attempt to violate N.Y. Penal Law § 220.39 cannot categorically qualify as an aggravated felony because the substantive crime does not require an actual sale of drugs; an "offer . . . to sell" can suffice. Pascual

3

I, 707 F.3d at 405. Equating "offer to sell" with attempt, Hidalgo argues that an attempt to attempt a drug sale contemplates an impossible mens rea—intending to intend a crime—which is at odds with that categorically required for an attempt to qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). See generally Ming Lam Sui v. INS, 250 F.3d 105, 114–15 (2d Cir. 2001) (acknowledging that BIA interpreted § 1101(a)(43)(U) to reference "generic definition of attempt" characterized by "intent plus a substantial step").

We find the argument unpersuasive. The categorical approach asks courts to determine first "the minimum conduct criminalized by the state statute" and then "whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013). The minimum conduct necessary to violate N.Y. Penal Law §§ 110.00 and 220.39 is a question of New York law, not federal law. Taken together, these two New York statutes stand for the proposition that a person is guilty of an attempt to sell or offer to sell a controlled substance in the third degree when he or she intends unlawfully and knowingly to sell or offer to sell a narcotic drug, and engages in conduct to effect that sale or offer. The crime of attempting to offer is not a logical impossibility. For example, one who has prepared a written offer of sale and attempts to deliver it to the intended offeree has attempted to make an offer of sale, even if the offer never reaches the intended recipient. Thus, there is no justification for Hidalgo's argument that a charge of attempt to offer to sell is the equivalent of a charge of attempt to attempt to sell.

4

Indeed, as Hidalgo acknowledges, New York adheres to the general rule refusing to recognize an attempt to commit a crime that is itself an attempt. See Karen Morris & Nicole Black, Criminal Law in New York § 3:13 (4th ed. 2014) ("It is impossible to attempt an inchoate crime, that is, a crime which includes, by definition, an attempt."); Black's Law Dictionary 146 (9th ed. 2009) (observing, in defining "attempt," that "[a]ttempt is an inchoate offense distinct from the intended crime"). We thus have no reason to conclude that a conviction for attempt to violate N.Y. Penal Law § 220.39 can rest on an attempt to attempt a drug sale. The Supreme Court has specifically cautioned that application of the categorical approach "is not an invitation to apply 'legal imagination' to the state offense; there must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" Moncrieffe v. Holder, 133 S. Ct. at 1684–85 (quoting Gonzales v. Duenas Alvarez, 549 U.S. 183, 193 (2007)).

Hidalgo having failed to make such a showing, his effort to remove his conviction from the categorical sphere of aggravated drug trafficking felonies by hypothesizing a legally impossible crime necessarily fails.

2.     Due Process Claim

Hidalgo argues that the IJ's denial of his request to have relatives in the Dominican Republic testify telephonically at his asylum hearing violated due process. We construe this—as the BIA did—as a constitutional claim over which we have jurisdiction. 8 U.S.C. § 1252(a)(2)(D). To state a due process claim, Hidalgo must show that he (1) was denied a "full and fair opportunity" to present his claims or was

5

otherwise deprived of "fundamental fairness," Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted); and (2) experienced "cognizable prejudice," Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). We need not consider the first element because Hidalgo's argument plainly fails on the second.

As the BIA explained, Hidalgo's request to present telephonic testimony was denied two months prior to the merits hearing on his petition. Hidalgo thus was not prejudiced by the denial because he had ample opportunity to secure written affidavits from his relatives in the Dominican Republic—of which he was manifestly capable, as he presented an affidavit from one of his daughters—or at least to identify for the IJ the information his relatives would provide. Moreover, Hidalgo himself was able to testify to threats to his family in the Dominican Republic, and the IJ found him credible. The IJ further found, however, that, despite threats, several family members continued to reside in the same city where other members had been killed and had not been harmed. The IJ also found no evidence that Hidalgo was personally at risk of harm in the Dominican Republic.[1] Hidalgo fails to show how the telephonic testimony of his

---

[1] At oral argument, Hidalgo's counsel asserted that a letter submitted by his daughter provided such evidence. His failure to make this argument in his briefs on appeal would normally waive the point. See Bishop v. Wells Fargo & Co., 823 F.3d 35, 50 (2d Cir. 2016). Even absent waiver, we would not identify error because the daughter's letter does not establish the daughter's competency to testify to that matter. Moreover, the agency denied Hidalgo's CAT application for multiple reasons, including the continued residence of several family members in the dangerous area without harm and Hidalgo's failure to show that he could not do likewise or reside safely elsewhere in the Dominican Republic. The daughter's letter is not to the contrary.

6

relatives would have altered these findings. Thus, his due process claim fails because he was not prejudiced by the challenged denial of telephonic testimony.

3.    Expert Report

Hidalgo also faults the IJ for failing to consider an expert report—which was admitted into evidence—regarding the likelihood of Hidalgo's facing torture if deported. We disagree. That the IJ did not specifically reference the expert report does not mean that he did not consider it. See Zhi Yung Gao v. Mukasey, 508 F.3d 86, 87 (2d Cir. 2007) (explaining that agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)). "Indeed, we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Here, nothing in the record compels the conclusion that the agency did not consider the expert report. And to the extent Hidalgo argues that it should have placed greater weight on the substance of the expert report, that argument "raises no question of law and is accordingly not within this Court's jurisdiction." Boluk v. Holder, 642 F.3d 297, 304 (2d Cir. 2011) (citing 8 U.S.C. § 1252(a)(2)). In any event, the BIA expressly considered Hidalgo's expert evidence and found that it was not material. We agree with that conclusion.

4.    Conclusion

We have considered Hidalgo's other arguments and conclude that they are without merit. Accordingly, we DENY the petition for review of the agency's asylum and

7

withholding rulings, and his petition for review of the agency's CAT ruling is DENIED

in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court