*Austin v. Sessions*

BIA
Wright, IJ
A039 746 160

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand seventeen.

PRESENT:
>> ROBERT D. SACK,
>> SUSAN L. CARNEY,
>> CHRISTOPHER F. DRONEY,
>>> *Circuit Judges.*

_____

MARSHA EVANGELINE AUSTIN, AKA MARSHA AUSTIN, AKA MARCIA AUSTIN, AKA MARSHE AUSTIN, AKA MARCIA HUNT, AKA MARSHA HUNT,
>> *Petitioner,*

>> v.                                            16-2624

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
>> *Respondent.*

_____

**FOR PETITIONER:**                PETER L. MARKOWITZ (Rehana Jamal, Samantha Hamidan, Marissa Wong, Legal Interns, *on the briefs*), Immigration Justice Clinic, Benjamin N. Cardozo School of Law, New York, NY.

**FOR RESPONDENT:** D. Nicholas Harling, Trial Attorney (Sheri R. Glaser, Trial Attorney; Chad A. Readler, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marsha Evangeline Austin seeks review of a July 22, 2016 decision of the BIA affirming a January 13, 2015 decision of an Immigration Judge ("IJ") ordering her removed and finding her ineligible for cancellation of removal. *In re Marsha Evangeline Austin,* No. A039 746 160 (B.I.A. July 22, 2016), *aff'g* No. A039 746 160 (Immig. Ct. N.Y.C. Jan. 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history of this case, and the issues presented for review, to which we refer only as needed to explain our decision to deny the petition.

We have reviewed the IJ's decision as modified by the BIA (i.e., minus the IJ's discretionary denial of cancellation of removal, an issue that the BIA declined to reach). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We generally lack jurisdiction to review a final order of removal against an alien such as Austin, who was found removable for an aggravated felony or controlled substance offense conviction. We have jurisdiction,

however, to consider constitutional claims and questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (D), 1227(a)(2)(A)(iii), (B). Whether Austin's 1995 conviction under New York Penal Law ("NYPL") §§ 110.00 and 220.39 for attempted third-degree criminal sale of a controlled substance is an aggravated felony is a question of law over which we have jurisdiction. *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006).

**I. Categorical Approach**

The Immigration and Nationality Act ("INA") defines "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in [the Controlled Substances Act ('CSA')])." 8 U.S.C. § 1101(a)(43)(B). "[A] state offense constitutes a felony punishable under the [CSA] only if it proscribes conduct punishable as a felony under that federal law." *Pascual v. Holder*, 707 F.3d 403, 405 (2d Cir. 2013) ("*Pascual I*") (internal quotation marks omitted), *adhered to on reh'g*, 723 F.3d 156 (2d Cir. 2013) ("*Pascual II*"). "[W]e generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). "Under this approach, we look 'to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony.'" *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (quoting *Moncrieffe*, 133 S. Ct. at 1684). "[T]he singular circumstances of an individual

3

petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant." *Pascual I*, 707 F.3d at 405 (internal quotations marks omitted).

The agency correctly concluded that Austin is ineligible for cancellation of removal because her 1995 conviction under NYPL §§ 110.00 and 220.39 for attempted third-degree criminal sale of a controlled substance is an aggravated felony. *See* 8 U.S.C. § 1229b(a)(3). We held in *Pascual I* that a conviction under NYPL § 220.39 is categorically an aggravated felony drug trafficking crime. 707 F.3d at 405. Although Austin argues that her conviction falls outside this holding because she was convicted of an *attempted* violation of § 220.39, her argument fails to persuade. An attempt to sell a controlled substance is an aggravated felony under the CSA. *Id.* Moreover, the INA provides that an attempt to commit an aggravated felony is itself an aggravated felony. 8 U.S.C. § 1101(a)(43)(U).

Notwithstanding Austin's arguments to the contrary, the crime of attempt under New York law categorically fits within the crime of attempt under federal law. Under NYPL § 110.00, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00. Under federal law, "[a] person is guilty of an attempt to commit a crime if he or she (1) had

4

the intent to commit the crime, and (2) engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985). The New York provision is "more stringent than the . . . 'substantial step' test," *People v. Acosta*, 80 N.Y.2d 665, 670 (1993), and requires the defendant to "have engaged in conduct that came dangerously near commission of the completed crime," *People v. Denson*, 26 N.Y.3d 179, 189 (2015) (internal quotation marks omitted).

Because a conviction under NYPL § 220.39 is categorically an aggravated felony drug trafficking crime, and the New York crime of attempt fits categorically within the federal crime of attempt, an attempt to violate NYPL § 220.39 is categorically an aggravated felony.

**II.  "Attempt to Attempt" Argument**

Austin argues that NYPL §§ 110.00 and 220.39, in combination, could support a conviction for an "attempt to attempt" to sell a controlled substance, a "double inchoate" crime that should not be recognized as an aggravated felony under federal law. She points out that § 110.00 is an attempt provision; that § 220.39 criminalizes (among other things) offers to sell; and that we held in the *Pascual* decisions that the New York crime of offering to sell a controlled substance is encompassed within the federal crime of attempting to sell a controlled substance. Pairing § 110.00 with § 220.39 would impermissibly criminalize an attempt to attempt, she argues.

5

We rejected this same argument in *Hidalgo v. Lynch*, 664 F. App'x 101 (2d Cir. 2016) (summary order). Although *Hidalgo* is not binding, its reasoning is persuasive. Like the petitioner in *Hidalgo*, Austin erroneously equates offers to sell with attempts to sell. *See Hidalgo*, 664 F. App'x at 103. Contrary to Austin's suggestion, we did not equate offers with attempts in *Pascual*. Rather, we held that an offer to sell a controlled substance, as that crime is defined under New York law, categorically satisfies the elements of an attempted sale of a controlled substance, as that crime is defined under federal law. *Pascual I*, 707 F.3d at 405; *Pascual II*, 723 F.3d at 159. It does not follow that, because an attempted offer to sell under New York law *also* satisfies the elements of an attempted sale under federal law, New York law criminalizes an "attempt to attempt."

As we concluded in *Hidalgo*, "[t]he crime of attempting to offer is not a logical impossibility." *Hidalgo*, 644 F. App'x at 103. NYPL §§ 110.00 and 220.39 provide "that a person is guilty of an attempt to sell or offer to sell a controlled substance in the third degree when he or she intends unlawfully and knowingly to sell or offer to sell a narcotic drug, and engages in conduct to effect that sale or offer." *Id.* Thus, "[f]or example, one who has prepared a written offer of sale and attempts to deliver it to the intended offeree has attempted to make an offer of sale, even if the offer never reaches the intended recipient." *Id.*

In arguing that NYPL §§ 110.00 and 220.39 could be read together

6

so broadly as to criminalize logically incoherent "attempts to attempt," Austin runs afoul of the Supreme Court's directive that courts should refrain from "apply[ing] legal imagination to the state offense," and determine instead whether there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe*, 133 S. Ct. at 1684-85 (internal quotation marks omitted). As we observed in *Hidalgo*, "New York adheres to the general rule refusing to recognize an attempt to commit a crime that is itself an attempt." *Hidalgo*, 644 F. App'x at 103. As in *Hidalgo*, here we "have no reason to conclude that a conviction for attempt to violate N.Y. Penal Law § 220.39 can rest on an attempt to attempt a drug sale," *id.* at 104, and Austin has not identified any conviction or prosecution in New York for an "attempt to attempt" to sell drugs under NYPL §§ 110.00 and 220.39. We therefore reject as speculative Austin's argument.

We further decline to review the agency's law of the case determinations, which Austin did not challenge in her opening brief. *See Castro v. Holder*, 597 F.3d 93, 95 n.2 (2d Cir. 2010). We have considered Austin's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

7