**Rafael Fernando Pascal PENA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–0929–ag.

United States Court of Appeals, Second Circuit.

April 25, 2008.

for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lila Sljivar, Wilens & Baker, P.C., New York, NY, for Petitioner.

Manuel Palau, United States Department of Justice, Civil Division (Jeffrey S. Bucholz, Greg D. Mack, of counsel), Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.**

## SUMMARY ORDER

Rafael Fernando Pascal Pena, a native and citizen of the Dominican Republic, petitions this court for review of a decision of the Board of Immigration Appeals, affirm-

ing a decision of the Immigration Judge, denying Pena's application for relief under INA § 212(c) on the ground that Pena failed to show unusual and outstanding equities. *In re Rafael Fernando Pascal Pena,* No. A72 494 536 (B.I.A. Feb. 7, 2007), *aff'g* No. A72 494 536 (Immig. Ct. N.Y. City, June 27, 2005). The IJ determined that Pena had been convicted of a "serious drug offense" and concluded that, under the ruling in *Matter of Marin,* 16 I. & N. Dec. 581, 586 n. 4 (B.I.A.1978), this conviction required Pena to show "unusual or outstanding equities" in order to be eligible for section 212(c) relief. The IJ concluded that Pena had not met this standard and denied relief accordingly.

The BIA affirmed the IJ's decision. The BIA concluded that Pena had been convicted of "very serious criminal conduct" and therefore found no error in the IJ's application of the heightened standard to his case, or in the IJ's actual balancing of the equities under this standard. We assume the parties' familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition for review.

8 U.S.C. §§ 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... any ... decision or action of the Attorney General ... the authority for which is specified ... to be in the discretion of the Attorney General." Denial of section 212(c) relief "constitutes a discretionary decision ... under 8 U.S.C. § 1252(a)(2)(B)(ii)." *Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 505 (2d Cir.2006). Pena maintains that we nonetheless have jurisdiction to hear his appeal because it presents a "question[ ] of law," 8 U.S.C. § 1252(a)(2)(D), to wit, whether conviction under N.Y. Penal Law §§ 220.16 and 110.00 constitutes conviction

** The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

for a "serious drug offense[ ] ... involving the trafficking or sale of drugs," *Matter of Marin,* 16 I. & N. Dec. at 586 n. 4, thereby triggering the duty to show unusual and outstanding equities.

Whether or not we have jurisdiction to decide this petition under the foregoing statutory provisions, we deny the petition because Pena's legal arguments are without merit.

Pena's conviction is indisputably a conviction for a drug trafficking crime. "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)...." 18 U.S.C. § 924(c)(2). "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). Conduct proscribed by N.Y. Penal Law §§ 220.16 and 110.00, the New York statutes under which Pena was convicted, would also be punishable as a felony under 21 U.S.C. §§ 841(a)(1) and 846, which are provisions of the Controlled Substances Act.

Furthermore, the BIA and IJ were within their discretion when they determined that Pena had been convicted of a crime involving the sale of drugs. *Matter of Marin* does not define what constitutes a crime involving the "sale of drugs," 16 I. & N. Dec. at 586 n. 4, and therefore leaves the term open to capturing a broad range of criminal offenses. The determination of when a conviction involves the "sale of drugs" is left to the discretion of the adjudicator. Thus, the IJ did not err in concluding that because "the indictment allege[d] that [Pena] possessed ... controlled substances with the intent to sell them," he was convicted of a crime involving the "sale of drugs." Nor did the BIA err in finding that Pena was convicted of a crime involving the "sale of drugs" be-

cause "the language of the statute under which [he] was convicted requires an 'intent to sell.'"

Accordingly, the BIA and IJ were within their discretion when they determined that Pena had to demonstrate outstanding and unusual equities in order to be granted section 212(c) relief.

For the foregoing reasons, the petition for review is hereby DENIED.