15-3094-ag
*Diogenes Antonio Espinal Espinal v. Loretta E. Lynch*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                    *Circuit Judges,*
            JOHN G. KOELTL,
                    *District Judge.*[*]

---

DIOGENES ANTONIO ESPINAL ESPINAL, AKA
DIOGENES ESPINAL,

              *Petitioner,*                                    15-3094-ag

              v.

LORETTA LYNCH, UNITED STATES ATTORNEY
GENERAL,

              *Respondent.*

---

**FOR PETITIONER:**                     DAVID K. S. KIM, Law Office of David K.
                                        S. Kim, P.C., Flushing, NY.

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Cindy S. Ferrier, Assistant Director of Immigration Litigation; Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision on September 3, 2015, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DISMISSED**.

Petitioner Diogenes Antonio Espinal Espinal ("Espinal"), a native and citizen of the Dominican Republic, seeks review of the BIA decision to affirm the December 14, 2013 decision of an Immigration Judge ("IJ") that he was convicted of an aggravated felony and is therefore ineligible for cancellation of removal as a matter of law. *See In re Diogenes Antonio Espinal Espinal,* No. A044 128 577 (B.I.A. Oct. 14, 2015), *aff'g* No. A044 128 577 (Immig. Ct. N.Y. City Dec. 14, 2009); *see also* 21 U.S.C. § 1229b(a). On appeal, Espinal argues that the IJ improperly applied the categorical approach to determine that a drug trafficking offense under New York Penal Law ("NYPL") §§ 110 and 220.16(1) constitutes an aggregated felony as a matter of law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although this Court lacks jurisdiction to review final orders of removal against aliens convicted of an aggravated felony, we have jurisdiction to review questions of law. See 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767,772 (2d Cir. 2009). We review *de novo* questions of law, including whether a state conviction constitutes an "aggravated felony" or "controlled substance" offense under the Immigration and Nationality Act ("INA"). *See, e.g., Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015); *Pascual v. Holder*, 707 F.3d 403, 404-405 (2d Cir. 2013) (per curiam). In *Taylor v. United States*, 495 U.S. 575, 599-600 (1990), the Supreme Court set forth the categorical approach to determine whether the elements of a state offense match the generic crime under the applicable federal statute. As relevant here, a state drug conviction constitutes a "felony punishable under the Controlled Substance Act only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006) (internal quotation marks omitted). We employ the so-called categorical approach here in deciding whether a state conviction constitutes an aggravated felony. *See Pascual*, 707 F.3d at 405.

While we are sympathetic to Espinal's circumstances as a resident of the United States since 1993 and the father of three children living in the United States, the law guides us to find against Espinal in this case. His conviction for attempted criminal possession of cocaine with intent to sell

2

under NYPL §§ 110 and 220.16(1) is categorically an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B),(U) and 1227(a)(2)(A)(iii). *See Pena v. Mukasey*, 275 Fed. App'x 65, 66-67 (2d Cir. 2008) (summary order) (finding that a conviction under NYPL §§ 110 and 220.16(1) is categorically an aggravated felony offense and thus disqualifies the convicted from discretionary relief from removal); *accord Pascual v. Holder*, 723 F.3d 156, 159 (2d Cir. 2013) (affirming that a conviction under NYPL §§ 110 and 220.39(1) for criminal sale of a controlled substance is categorically an aggravated felony offense, including *attempted* transfer of a controlled substance). Accordingly, any conviction under NYPL §§ 110 and 220.16 categorically constitutes an aggravated felony as a matter of law.

Espinal raises no new arguments that would require us to reconsider *Pascual.* To prove that the statute is not a categorical match, the moving party must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe v. Holder,* 133 S. Ct. 1678, 1685 (2013) (internal quotation marks omitted). He contends that the New York drug trafficking statute criminalizes a broader set of conduct than the Controlled Substances Act because a "sale" under the New York statute includes a mere offer to "exchange, give or dispose of [narcotics] to another." *Pascual* dismisses this argument: the analogous federal statute punishes the distribution or "actual, constructive, or attempted transfer of a controlled substance," thus covering a distribution even where a "sale" does not take place. *Pascual*, 707 F.3d at 405 (internal quotation marks omitted). Therefore, the New York statute does not capture conduct that falls outside the federal statute. *Cf. United States v. Savage,* 542 F.3d 959 (2d. Cir. 2008) (finding that a Connecticut drug trafficking statute *does* criminalize conduct that falls outside the federal definition, such as a fraudulent offer).

We also reject Espinal's argument that *Moncrieffe v. Holder,* 133 S. Ct. 1678 (2013), ought to apply to his conviction for attempted criminal possession of cocaine with intent to sell. In *Moncrieffe*, the Supreme Court held that "[s]haring a small amount of marijuana for no remuneration" does not amount to an aggregative felony under the INA. *Id.* at 1693. *Moncrieffe* does not aid Espinal because NYPL § 220.16 criminalizes the knowing and unlawful possession of a *narcotic* drug with intent to sell it, not such conduct and knowledge involving *marijuana. See Pascual*, 723 F.3d at 160 (differentiating *Pascual* from *Moncrieffe* by distinguishing criminal acts to sell narcotics and marijuana). Accordingly, we find this claim to be meritless.

## CONCLUSION

Based on the foregoing, and upon our independent review of the record, we find no indication that that the BIA erred as a matter of law. The petition for review is **DISMISSED**, and the pending motion for a stay of removal is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3