Berhane v. Barr

BIA
Connelly, IJ
A079 724 145

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of July, two thousand twenty.

PRESENT:
 REENA RAGGI,
 PETER W. HALL,
 DENNY CHIN,
  *Circuit Judges.*

_____

EZRA BERHANE,
  *Petitioner,*

 v.                                             16-4214
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:          Gregory Osakwe, Esq., Hartford, CT.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Assistant Director, Office of Immigration Litigation; Karen L, Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of

Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ezra Berhane, a native and citizen of Ethiopia, seeks review of a November 22, 2016, decision of the BIA affirming a December 8, 2015, decision of an Immigration Judge ("IJ") finding Berhane removable for an aggravated felony and denying cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") as to Ethiopia.[1] *In re Ezra Berhane,* No. A 079 724 145 (B.I.A. Nov. 22, 2016), *aff'g* No. A 079 724 145 (Immig. Ct. Batavia Dec. 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our jurisdiction to review Berhane's final order of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We review de novo Berhane's challenge to the agency's aggravated felony determination. *Pascual v. Holder*, 707 F.3d 403, 404 (2d Cir. 2013) (per curiam), *adhered to on reh'g*, 723 F.3d 156 (2d Cir. 2013)

_____

[1] The agency's grant of CAT relief as to Eritrea remains in place.

(per curiam). We find no error in the agency's conclusion that Berhane's conviction is an aggravated felony that bars him from cancellation of removal and asylum.

An individual who has been convicted of an aggravated felony is ineligible for cancellation of removal and asylum. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1229b(a)(3). In relevant part, an aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). "[T]he term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). The Controlled Substances Act prohibits "possess[ion] with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Berhane was convicted under NYPL § 220.16(1). "A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it." NYPL § 220.16(1). We have held that New York's definition of sale is a categorical match to the analogous federal statute. *See Pascual*, 707 F.3d at 405. Accordingly, possession with intent to sell in New York is a

3

categorical match to possession with intent to distribute under 21 U.S.C. § 841(a)(1). *Id.; see also Espinal v. Lynch*, 665 F. App'x 65, 66 (2d Cir. 2016) (unpublished) (applying *Pascual* to § 220.16(1)). Berhane raises no arguments that would require us to reconsider that conclusion.

Accordingly, the only remaining forms of relief were withholding of removal and protection under the CAT. The agency found that Berhane's conviction was also a particularly serious crime that barred withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). It denied CAT relief, finding that Berhane had not met his burden of proof. Berhane has abandoned these forms of relief by not challenging these dispositive findings in his brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4